(No. 2020—

MARY E. KOTTER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*

HELM & HELM, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant, Mary E. Kotter, as Administratrix of the Estate of Otto F. Kotter, deceased, filed her claim in this court on the 25th day of November, 1932. On motion of the Attorney General the title was amended so that Mary E. Kotter should appear as claimant for the reason that on payments in the Compensation Act the law contemplates that payment shall be made to the beneficiary and not to an estate and thereby subjecting the award to the debts of the estate, if any.

The claimant alleges that Otto F. Kotter was, during his life time and at the time of his death, an employee of the Division of Highways, Department of Public Works and Buildings of the State of Illinois and was employed as a laborer cutting grass and weeds along the shoulders of a hard-surfaced State Highway known as S. B. I. Route 1 of the State of Illinois. He was using a scythe and working with two other State employees.

It appears that he, with the other employees, had gone to the truck for a drink of water and while returning to his work and while walking along the highway, partly on the cement and partly on the shoulder on the easterly edge of the cement highway, facing southerly, a Ford automobile running at a very high rate of speed and driven by one Charles Miller, twenty-one years old, in a southerly direction, overtook Kot-

ter and struck him with great force, knocking him from twelve to fifteen feet away onto the pavement and running over his body. He died on the same day, the first day of June, 1932.

It appears from the evidence that he had been employed infrequently as a maintenance laborer in District No. 9 by the Division of Highways. At the time of the accident he received $3.60 per day or $21.60 per week. At different times in the past six years he had been employed at various occupations as laborer, watchman and inspector. On some of those jobs he had earned $24.00 per week. None of his employment had been steady. The average weekly wage, as shown by the record, is $3.80 per day or $22.80 per week. There is no evidence before us to show how many days Otto Kotter was actually employed as a laborer annually. He was only on this job about three or four days. We must then, figure on the minimum wage per day for 200 days or a total of $760.00 per annum. On this basis, under Section 7(a) of this Act, claimant would be entitled to $3,040.00 as compensation.

Three and one-half months after the death of Otto Kotter a child was born to his wife. Claim is made for the sum of $3,390.00 under the provisions of Section 7(h-2) of the Compensation Act. The essential condition of the right of any person named in said Section 7 to compensation therein provided is that such person must be actually totally dependent upon the earnings of the deceased employee at the time of the injury. We, therefore, hold that inasmuch as this *post-humus* child was not born at the time of the injury and death of Otto Kotter, additional compensation cannot be allowed for that reason. Inasmuch as a payment must be made on a lump sum basis the sum of $3,040.00 must be commuted in accordance with the statute. We estimate that if the Legislature follows the decisions of this court and makes an appropriation for this claim that such appropriation will be ready for payment on or about August 1, 1933. From the time of the injury until this last mentioned date sixty (60) weeks will have elapsed. No weekly payments have been made and no reduction should be made because of that fact. The balance of the sum will be commuted pursuant to statute and an award of $2,801.66 will be made and an appropriation thereof recommended.